UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CANDELARIA NATALIA TZUNUX PU, | * | |
| | * | |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 25-cv-14023-ADB |
| | * | |
| PATRICIA HYDE, et al., | * | |
| | * | |
| Respondents. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    Before the Court is a petition for writ of habeas corpus by Petitioner Candelaria Natalia Tzunux Pu. [ECF No. 1]. Respondents "submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in Morales v. Plymouth County Correctional Facility," No. 25-cv-12602, ECF No. 15 (D. Mass. Sept. 30, 2025). [ECF No. 6 at 1]. In that case, this Court joined other sessions of this Court, and other courts across the country, in holding that the arrest and detention of noncitizens within the United States is governed by 8 U.S.C. § 1226(a). See also Guerrero Orellana v. Moniz, No. 25-cv-12664, 2025 WL 3687757, at *7 (D. Mass. Dec. 19, 2025) (the detention of a noncitizen who entered the United States without inspection and is later apprehended while residing within the country is governed by 8 U.S.C. § 1226(a) unless certain exceptions apply). Respondents acknowledge that "[s]hould the Court follow its reasoning in Morales, it would reach the same result here." [ECF No. 6 at 1]. On the

facts before it, the Court does not find reason to deviate from its prior analysis.  Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and, accordingly, entitled to a bond hearing.  She has not received such a hearing, so her detention is unlawful.

The petition, [ECF No. 1], is **GRANTED IN PART**.  Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order.  Respondents are **ENJOINED** from denying Petitioner bond on the basis that she is detained pursuant to 8 U.S.C. § 1225(b)(2).  Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial.

**SO ORDERED.**

January 2, 2026                                              */s/ Allison D. Burroughs*
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE